AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED
November 03, 2026
Nathan Ochsner, Clerk of Court

United States of America
v.
Javier Villa-Villa

*Defendant(s)*

Case No. **4:26-mj-705**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 31, 2026 in the county of Harris in the Southern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) | a native and citizen of Mexico, and an alien who had been previously deported from the United States, subsequent to having been convicted of a crime defined as a felony, was found unlawfully in the United States at Houston, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

*Complainant's signature*

Jeremiah Jensen, Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: 11/03/2026

*Judge's signature*

City and state: Houston, Texas

Hon. Yvonne Y. Ho, United States Magistrate Judge
*Printed name and title*

**4:26-mj-705**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jeremiah Jensen, being duly sworn by telephone, hereby depose and say:

(1) I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since June 01, 2025.

(2) On or around October 31, 2026, Javier Villa-Villa, (hereinafter Defendant), was detained by ICE after being transferred from the Harris County jail. On November 2, 2026, the Defendant was identified as being amenable to prosecution for violation of 8 U.S.C. § 1326(a) and (b).

(3) The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(4) Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(5) Element One: The Defendant is a citizen and national of Mexico and not a native, citizen, or national of the United States.

(6) Element Two: The Defendant has previously been deported or removed from the United States on the following occasion(s):

a. 10/27/2025
b. 03/20/2018
c. 08/24/2013

(7) Element Three: After deportation, the Defendant was subsequently found in the United States on or around August 31, 2026, in Harris County, Texas which is within the Houston Division of the Southern District of Texas. Additionally, I conducted a system query in the Alien Criminal Response Information Management System (ACRIMe), to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph. On November 2, 2026, ACRIME returned negative results.

(8) Element Four: The Defendant did not have permission to re-enter the United States. On November 2, 2026, I reviewed the contents of the Alien File associated with this Defendant

and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States.

(9) The Defendant has the following prior criminal history and/or gang affiliation:

a. On October 29, 2026, the Defendant was convicted in the County Criminal Court at Law No. 15 Harris County, Texas, for the offense of TERRORISTIC THREAT FAMILY/HOUSEHOLD, under cause 263757101010. For this offense, a misdemeanor, the Defendant was sentenced to 30 days county jail.

b. On October 23, 2025, the Defendant was convicted in the 486th District Court Harris County, Texas, for the offense of ASSAULT-FAMILY MEMBER, under cause 191953801010. For this offense, a misdemeanor, the Defendant was sentenced to 365 days county jail.

c. On December 7, 2021, the Defendant was convicted in the 183rd District Court Harris County, Texas, for the offense of POSS CS PG 1 <1G, under cause 172631801010. For this offense, a felony, the Defendant was sentenced to 180 days county jail.

On November 3rd, 2026, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning this criminal complaint. On or about that day, the duty Assistant U.S. Attorney accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a) and (b).

Jeremiah Jensen
Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me this 3rd day of November 2026, and I find probable cause.

Yvonne Y. Ho

Hon. Yvonne Y. Ho
United States Magistrate Judge
Southern District of Texas